WILLIAM H. JENKS et al., Respondents, *v.* CATHARINE BROWN, Appellant.

(Argued May 23, 1876; decided May 30, 1876.)

THIS was an action to foreclose a mechanic's lien for materials furnished one Phillips and used by him in work under a contract with defendant for altering and repairing a house upon her premises. By the contract the price agreed upon for the work was to be paid in five installments. It appeared that Phillips continued work after the second installment was paid. By written agreement dated January 1, 1874, the contract was canceled. It did not appear that at that time Phillips was in default. By the agreement of cancellation, Phillips was to have, for the work done, the amount of the first three installments, defendant to pay them the amount of the third. After plaintiffs furnished the materials, Phillips gave them an order on defendant, dated November 13, 1873, for $125, payable out of the third installment, which order defendant accepted. Plaintiffs filed their lien January 5, 1874, and served notice on defendant the next day. Plaintiffs proved declarations of defendant tending to show that the instrument of cancellation was not, in fact, executed until after notice was served. It did not appear that defendant had ever paid to Phillips the amount agreed upon as due to him. At the close of the evidence, defendant's counsel moved to dismiss the complaint on the ground that the order never became due, as the contract was not carried out, which motion was granted. *Held,* error; that it was to be presumed Phillips had earned the third installment, and so the order that became due, although the whole contract was not completed; that defendant cannot complain of the non-performance as the contract was canceled by mutual consent, and, so far as appears, without any default; that the date of the cancellation agreement was not conclusive as to the time of its execution, and the other evidence tending to show it was executed after the lien had attached. Such lien could not be affected by any subsequent arrangement between the owner and contractor.

*Samuel Hand* for the appellant.

*J. Albert Wilson* for the respondents.

EARL, J., reads for affirmance.
All concur.
Order affirmed and judgment absolute against defendant.